#28354-r-DG
**2018 S.D. 54**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

GENE R. KALINE,                          Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JEFF W. DAVIS
Judge

* * * *

MARTY J. JACKLEY
Attorney General

ANN C. MEYER
Assistant Attorney General
Pierre, South Dakota                     Attorneys for plaintiff
                                         and appellee.


PAUL E. PIETZ
Pennington County Public
 Defender's Office
Rapid City, South Dakota                 Attorneys for defendant
                                         and appellant.


* * * *

CONSIDERED ON BRIEFS
ON APRIL 16, 2018
OPINION FILED **07/11/18**

#28354

GILBERTSON, Chief Justice

[¶1.] Gene R. Kaline appeals his conviction and sentence for possessing a controlled substance (methamphetamine). Kaline argues the circuit court erred by denying his motion to suppress evidence obtained from what he claims was an illegal search of his person. We reverse and remand.

**Facts and Procedural History**

[¶2.] In the early morning hours of September 22, 2016, a homeowner in Pennington County contacted the Rapid City Police Department and asked that officers remove her son and a woman named Kasey Sybert from her home. The homeowner asserted that there was an active warrant for Sybert's arrest. The homeowner did not indicate how many people were in the home at the time, but responding officers understood her request to mean that everyone in the house should be removed.

[¶3.] Officers Kimball, Hunt, and Lewellen responded to the call at approximately 1:30 a.m. Recognizing Sybert as a "runner," the three responding officers approached the house on foot, established a perimeter around the house, and waited for the homeowner to arrive. While waiting, the officers saw Kaline and another man exit the rear of the home. Officers Hunt and Lewellen immediately approached the men, ordered them to the ground, and placed them in handcuffs. Officer Lewellen testified that he then asked for Kaline's consent to search the pockets on the front of Kaline's pants and that Kaline consented. In the resulting search, Officer Lewellen found three plastic bags that field tested positive for methamphetamine.

[¶4.]        Kaline was arrested and charged with one count of possessing a controlled substance (methamphetamine) in violation of SDCL 22-42-5 and one count of unauthorized ingestion of a controlled substance (methamphetamine) in violation of SDCL 22-42-5.1, both of which are Class 5 felonies. The State also filed a habitual-criminal information alleging that Kaline had one previous felony conviction in Nebraska for failing to appear while on bail. Kaline was arraigned on October 31, 2016, at which time he pleaded not guilty.

[¶5.]        After arraignment, Kaline filed a motion to suppress all physical and testimonial evidence arising out of the search and seizure of September 22, 2016. On February 27, 2017, the circuit court held an evidentiary hearing to consider the motion. At the hearing, Officers Kimball and Lewellen testified, as did Kaline. The court denied Kaline's motion to suppress evidence.

[¶6.]        Following his unsuccessful attempt to suppress evidence, Kaline and the State began negotiating a plea agreement. The parties agreed to a stipulated court trial. At the trial, which was held on March 27, 2017, Kaline did not formally change his plea, but his attorney told the circuit court that Kaline was "willing to stipulate [that] methamphetamine was found on him on [September 22, 2016,] and that he knew it was methamphetamine and [that] it was here in Rapid City." The court directly questioned Kaline and verified that his admission was voluntary. Kaline's attorney then added: "Obviously, for the record, we're reserving our right to appeal the ruling [denying the motion to suppress evidence]." The stipulated trial then simply concluded.

#28354

[¶7.] The parties subsequently treated Kaline's March 27, 2017 stipulation as a plea of guilty. On July 10, 2017, Kaline appeared before the circuit court for sentencing. The State recommended the court sentence Kaline only to time in the local jail and probation. The circuit court sentenced Kaline to imprisonment for two years but suspended execution of all but 10 days of the sentence, crediting Kaline with 2 days already served. The same day, the State dismissed the ingestion charge and the habitual-criminal information. In the dismissal, the State indicated it was doing so "for the reason that [Kaline] has [pleaded] guilty to the offense of [possessing a controlled substance] and has been sentenced on that charge pursuant to a plea agreement." The circuit court entered judgment on July 19, 2017 (but effective July 10, 2017), indicating that Kaline had been sentenced pursuant to a guilty plea.

[¶8.] Kaline now appeals, raising the following issue: Whether the circuit court erred by denying his motion to suppress physical and testimonial evidence relating to his search and seizure on September 22, 2016.∗

---

∗ As an initial matter, the State contends that Kaline "waived his sole issue on appeal because he failed to object" to the circuit court's denial of his motion to suppress evidence. But this argument is meritless. A motion to suppress evidence is itself an objection to the admission of that evidence. Kaline presented his motion to the court and offered argument to support the motion. Requiring him to "object" to the court's denial of that motion would simply require him to duplicate his argument. And under the State's reasoning, the court's denial of Kaline's objection (to the court's denial of his motion to suppress evidence) itself would require another objection, and so on.

-3-

## Standard of Review

[¶9.]    "We review a motion to suppress evidence obtained in the absence of a warrant de novo." *State v. Stanage*, 2017 S.D. 12, ¶ 6, 893 N.W.2d 522, 525 (quoting *State v. Walter*, 2015 S.D. 37, ¶ 6, 864 N.W.2d 779, 782).  "We review the circuit court's factual findings for clear error but give no deference to the circuit court's conclusions of law." *State v. Lar*, 2018 S.D. 18, ¶ 6, 908 N.W.2d 181, 183 (quoting *State v. Medicine*, 2015 S.D. 45, ¶ 5, 865 N.W.2d 492, 495).

## Analysis and Decision

[¶10.]    Kaline argues the September 22, 2016 search violated the U.S. Constitution's prohibition against unreasonable searches and seizures.  The U.S. Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]"  U.S. Const. amend. IV; *see also* S.D. Const. art. VI, § 11.  "As the text makes clear, 'the ultimate touchstone of the Fourth Amendment is "reasonableness."'" *Riley v. California*, ___ U.S. ___, ___, 134 S. Ct. 2473, 2482, 189 L. Ed. 2d 430 (2014) (quoting *Brigham City v. Stuart*, 547 U.S. 398, 403, 126 S. Ct. 1943, 1947, 164 L. Ed. 2d 650 (2006)).  "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment. . . ." *Arizona v. Gant*, 556 U.S. 332, 338, 129 S. Ct. 1710, 1716, 173 L. Ed. 2d 485 (2009) (quoting *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 514, 19 L. Ed. 2d 576 (1967)).  Thus, "[i]n the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." *Riley*, ___ U.S. at ___, 134 S. Ct. at 2482.

[¶11.] The State did not obtain a warrant to search Kaline, but the State contends the search was valid as an investigatory stop under *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). In that case, the United States Supreme Court held that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." *Id.* at 22, 88 S. Ct. at 1880. However, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* at 21, 88 S. Ct. at 1880. Thus, there must be "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Navarette v. California*, ___ U.S. ___, ___, 134 S. Ct. 1683, 1687, 188 L. Ed. 2d 680 (2014) (quoting *United States v. Cortez*, 449 U.S. 411, 417-18, 101 S. Ct. 690, 695, 66 L. Ed. 2d 621 (1981)).

[¶12.] According to the State, seizing, handcuffing, and searching Kaline was necessary to determine his "identit[y] and to investigate why [he was] on the premises." But as noted in the previous paragraph, the question is whether Officer Lewellen had a particularized and objective basis for suspecting Kaline was engaged in criminal activity. *Id.* at ___, 134 S. Ct. at 1687. Here, the State identifies no such basis. The homeowner did not allege that the occupants of the home were committing a crime, nor was Kaline ever charged with a trespassory crime. The officers did not observe Kaline engaging in any suspicious behavior. Indeed, Officer Lewellen himself testified that at the time Kaline was seized, handcuffed, and searched, Officer Lewellen had no reason to believe Kaline had

committed any crime.  Because the State has failed to identify a reasonable suspicion of criminal activity, Kaline's search and seizure cannot be justified under *Terry*.

[¶13.]     The State also contends—and Kaline disputes—that Kaline consented to the search.  A warrantless search conducted pursuant to valid consent does not violate the Fourth Amendment.  *Schneckloth v. Bustamonte*, 412 U.S. 218, 223, 93 S. Ct. 2041, 2045, 36 L. Ed. 2d 854 (1973).  But regardless of whether Kaline consented, "where the validity of a search rests on consent, the State has the burden of proving that the necessary consent was obtained and that it was freely and voluntarily given[.]" *Florida v. Royer*, 460 U.S. 491, 497, 103 S. Ct. 1319, 1324, 75 L. Ed. 2d 229 (1983).  The question whether consent is voluntary is "determined from the totality of all the circumstances." *Schneckloth*, 412 U.S. at 227, 93 S. Ct. at 2047-48.  Relevant to this inquiry are the defendant's "age, maturity, education, intelligence, and experience" as well as "the officer's conduct and the duration, location, and time of the event." *Medicine*, 2015 S.D. 45, ¶ 7, 865 N.W.2d at 496 (quoting *State v. Castleberry*, 2004 S.D. 95, ¶ 9, 686 N.W.2d 384, 387).

[¶14.]     The State does not address the question whether Kaline's consent—if given—was voluntary.  But even if the State had provided such analysis, a number of circumstances in this case suggest that any consent given was not voluntary.  Kaline was 23 years old at the time and had attended some post-secondary education, but the record reveals little regarding his maturity, intelligence, and experience.  At the time Kaline purportedly consented, Officer Lewellen had already ordered Kaline to the ground, *see United States v. Kelley*, 953 F.2d 562, 566 (9th Cir.

1992), and placed him in handcuffs, *see People v. James*, 561 P.2d 1135, 1140-41 (Cal. 1977); *cf. State v. Hopkins*, 2017 S.D. 13, ¶ 11, 893 N.W.2d 536, 541 (holding that law enforcement's use of handcuffs is a factor to consider in determining whether a subject is in custody). This encounter was shielded from public scrutiny; it occurred in the middle of the night, *see United States v. Mapp*, 476 F.2d 67, 77-78 (2d. Cir. 1973), in the back yard of a private residence. And the record does not indicate that Kaline was aware of his right to refuse consent. *See Schneckloth*, 412 U.S. at 249, 93 S. Ct. at 2059 (holding that knowledge of the right to refuse consent is a factor to consider but that such knowledge is not a necessary condition of consent). In light of the foregoing (especially the State's failure to address the question of voluntariness), the consent exception to the Fourth Amendment's warrant requirement does not apply in this case.

### Conclusion

[¶15.] Officer Lewellen did not have a particularized and objective basis to conclude that Kaline was engaged in criminal activity. And even assuming without deciding that Kaline consented to a search of his pockets, the State has failed to offer analysis as to whether such consent was voluntary. Even if the State had offered such analysis, the circumstances of this case suggest that any consent given by Kaline was not voluntary. Therefore, the circuit court erred by denying Kaline's motion to suppress evidence obtained from the illegal search and seizure.

[¶16.] We reverse.

[¶17.] ZINTER, KERN, and JENSEN, Justices, and SEVERSON, Retired Justice, concur.

[¶18.]    SALTER, Justice, not having been a member of the Court at the time this action was assigned to the Court, did not participate.